■ In the Matter of ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of REBECCA T., and Others, Respondent, v ROY T., Appellant.—In a child abuse proceeding pursuant to Family Court Act article 10, the father appeals from a dispositional order of the Family Court, Orange County (Slobod, J.), entered September 14, 1990, which upon a finding, made after a fact-finding hearing, that the children had been abused by him, *inter alia,* barred the father from coming within 1,000 feet of the children.

Ordered that the order is affirmed, without costs or disbursements.

The appellant contends that the Family Court improperly exercised its jurisdiction in this child protective proceeding because there was a pending custody proceeding in Kentucky. We disagree.

The Uniform Child Custody Jurisdiction Act (UCCJA) applies to all proceedings in which a custody determination is at issue, including any action or proceeding to annul a marriage, for a separation or for a divorce. The UCCJA, however, specifically excludes State child protective proceedings *(see,* Domestic Relations Law § 75-c [3]) because of the manifest need for appropriate and immediate State action to protect youngsters regardless of the presence or absence of a custody decree *(see,* Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 75-c, at 298).

In view of the foregoing, the UCCJA is not applicable to the case at bar and the Family Court's exercise of jurisdiction was proper (Family Ct Act § 1013). Moreover, under the facts of this case, the Family Court could have and did, in fact, exercise jurisdiction under the "emergency" provision of the UCCJA (Domestic Relations Law § 75-d [1] [c]), which confers jurisdiction when the child is physically present in the State and has been abandoned or " 'it is necessary in an emergency to protect the child' " (Sobie, Practice Commentaries, McKin-

ney's Cons Laws of NY, Book 14, Domestic Relations Law § 75-c, at 298-299). Mangano, P. J., Kooper, Rosenblatt and O'Brien, JJ., concur.